GRB:JMM:jmm
F.#2004R02274
lavi information.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

YAGHAUB LAVI,
   also known as
   "Jacob Levi,"

              Defendant.

- - - - - - - - - - - - - - - - X

CR05 0055

I N F O R M A T I O N

Cr. No. _____
(T. 18, U.S.C., §§ 1001,
1512(c)(2) and 3551 et seq.)

SEYBERT, J.

WALL, M.J.

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information:

1.  The defendant YAGHAUB LAVI, also known as "Jacob Levi," was a co-owner of Plastirun Corporation ("Plastirun"), located at 70 Emjay Boulevard, Brentwood, New York. Plastirun engaged in the business of, among other things, manufacturing and distributing plastic straws and coffee stirrers.

2.  Through an affiliated limited liability corporation, the defendant YAGHAUB LAVI leased warehouse space within 70 Emjay Boulevard, Brentwood, New York (the "Brentwood warehouse space") to American Tissue Incorporated ("American Tissue"), a Delaware Corporation, which maintained its headquarters at 135 Engineers Road, Hauppauge, New York. American Tissue engaged in the business of, among other things, the manufacture and sale of pulp and tissue

and other paper products. American Tissue had annual sales of paper products to Plastirun of approximately $40,000.

3. On or about July 9, 1999, American Tissue entered into an amended loan and security agreement with the LaSalle National Bank Association and a group of other financial and lending institutions, which provided a revolving credit facility for the benefit of American Tissue (the "LaSalle Revolver"). The maximum amount available for borrowing under the LaSalle Revolver was based, among other items, on accounts receivable of American Tissue generated from the sale of the company's pulp, tissue and other paper products.

4. An account receivable was eligible as collateral under the terms of the LaSalle Revolver, and could accordingly be used by American Tissue to draw down additional funds from the overall line of credit, only if, among other things, it was based upon a genuine sale resulting in an unconditional obligation of a third party to pay American Tissue that was not subject to any setoffs, adjustments, repurchase obligations or return rights. Accordingly, sales made on consignment or on a "bill-and-hold" basis did not qualify as collateral under the terms of the LaSalle Revolver.

5. Pursuant to the terms of the LaSalle Revolver, American Tissue filed with the LaSalle Syndicate daily reports, known as "Collateral Reports," setting forth the eligible accounts

3

receivable and inventory relied upon by American Tissue as a basis to borrow funds under the LaSalle Revolver.

6. On or about May 29, 2001, at the request of American Tissue Chief Executive Officer Mehdi Gabayzadeh, the defendant YAGHAUB LAVI issued a Plastirun purchase order (the "fictitious Plastirun order") to American Tissue that purported to place an order for certain paper products, including all of American Tissue's inventory then stored at the Brentwood warehouse space, although, as the defendant then and there well knew and believed, he did not intend to actually purchase or pay for any of these goods.

7. On or about May 29, 2001, Gabayzadeh caused American Tissue to issue two invoices to Plastirun purporting to represent monies owed in the amount of $673,780 for the fictitious Plastirun order. Gabayzadeh included the fictitious Plastirun order on the May 29, 2001 American Tissue Collateral Report for the purpose of increasing the funds available under the LaSalle Revolver.

8. On or about June 17, 2002, the defendant YAGHAUB LAVI, together with others, caused the preparation of a letter bearing the date May 30, 2001 and addressed to an employee of American Tissue that purported to cancel the fictitious Plastirun order (the "fictitious Plastirun cancellation letter").

9. On or about January 22, 2004, during an interview with law enforcement agents of the Federal Bureau of Investigation

4

("FBI") and the United States Postal Inspection Service ("USPIS"), the defendant YAGHAUB LAVI stated, among other things, that the fictitious Plastirun order was genuine; that he intended to re-sell the goods to a third party at the time he placed the order; and that the order to American Tissue had been cancelled on May 30, 2001 when the third party was no longer interested in buying the goods from Plastirun. LAVI also produced to law enforcement agents the fictitious Plastirun cancellation letter to support his statement that the order had been cancelled on May 30, 2001.

10. On or about February 4, 2004, pursuant to a Grand Jury subpoena for records, the defendant YAGHAUB LAVI produced, among other documents, the fictitious Plastirun cancellation letter.

## COUNT ONE
(False Statement)

11. The allegations in paragraphs 1 through 10 are realleged and incorporated as if fully set forth in this paragraph.

12. On or about January 22, 2004, within the Eastern District of New York, the defendant YAGHAUB LAVI, also known as "Jacob Levi," did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI and USPIS, in that the defendant stated to law enforcement agents that (1) the fictitious Plastirun order was genuine; (2) the defendant intended to re-sell

the goods to a third party at the time he placed the order; and (3) that the order had been cancelled on May 30, 2001 when the third party no longer was interested in buying the goods from Plastirun when, in fact, as the defendant YAGHAUB LAVI then and there well knew and believed, the Plastirun order was not genuine.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT TWO
(Obstruction of Justice)

13. The allegations in paragraphs 1 through 10 are realleged and incorporated as if fully set forth in this paragraph.

14. On or about and between June 17, 2002 and February 4, 2004, both dates being approximate and inclusive, within the Eastern District of New York, the defendant YAGHAUB LAVI, also known as "Jacob Levi," did knowingly, intentionally and corruptly obstruct, influence, and impede and attempt to obstruct, influence and impede an official proceeding.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
Assistant U. S. Attorney

Criminal Action No. _____

# UNITED STATES DISTRICT COURT
## Eastern District of New York

UNITED STATES OF AMERICA

- against -

YAGHAUB LAVI, a/k/a
"Jacob Levi,"

Defendant.

## INFORMATION

**ROSLYNN R. MAUSKOPF**
United States Attorney
Eastern District of New York
United States Courthouse
610 Federal Plaza
Central Islip, New York 11722

Due Service of a copy of the within _____ is hereby admitted.

Dated: _____, 20 ___

Attorney for _____

James M. Miskiewicz
Assistant U.S. Attorney    (631) 715-7841

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 610 Federal Plaza, Central Islip, New York, on the ___ day of _____, 20 ___, at 10:30 o'clock in the forenoon.

Dated: Central Islip, New York
_____, 20 ___

United States Attorney,
Attorney for _____

To:

Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ___ day of _____, in the office of the Clerk of the Eastern District of New York.

Dated: Central Islip, New York
_____, 20 ___

United States Attorney,
Attorney for _____

Attorney for _____